UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAY NOEL CAMACHO, SR.,<br><br>Defendant. | 4:21-CR-40042-LLP<br><br><br>ORDER AS TO DEFENDANT'S<br>MOTIONS AT DOCKET<br>NOS. 84 & 87 |

Defendant Ray Noel Camacho is before the court on a superseding indictment charging him with conspiracy to distribute a controlled substance and conspiracy to commit money laundering, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i). See Docket No. 28. Pending are Mr. Camacho's motions for assistance with discovery. See Docket Nos. 84 & 87. The United States ("government") resists these motions. See Docket No. 85. These matters have been referred to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 57.11.

Mr. Camacho first requests that portions of his discovery be exported into MP3, MP4, or PDF format. Docket Nos. 84 & 87. This request is similar to the one Mr. Camacho made in a previous motion, which this court denied. See Docket No. 65, p. 3; Docket No. 89, p. 12. In their response, the government

acknowledged the issues Mr. Camacho is having with access to this electronica

discovery.  Docket No. 85.  The government asserts they reached an agreement

with Mr. Camacho's stand-by counsel, Mr. de Castro, to have the discovery

hard drive returned so that the proper media players can be downloaded onto

the discovery hard drive and returned to Mr. Camacho.  The court believes this

will adequately resolve the issues Mr. Camacho is having and thus

Mr. Camacho's request is denied as moot.

Mr. Camacho also makes a request for Giglio[1] discovery.  Docket No. 84.

This is the exact same request Mr. Camacho made in two previous motions,

which the court also denied.  See Docket No. 65, pp. 2-3; Docket No. 71, pp. 1-

2; Docket No. 89, pp. 9-12.  Because the government has assured

Mr. Camacho that he will receive the relevant Giglio materials before trial,

Mr. Camacho's request is denied.

Finally, Mr. Camacho requests assistance with filing subpoenas.  Docket

No. 87.  Mr. Camacho asserts he provided a list of names to Mr. de Castro that

he wanted subpoenaed and has been unable to reach him.  Id.  Mr. Camacho

also seems to take issue with the fact that the government will not release the

personal addresses of the witnesses.  Id.  This court addressed Mr. Camacho's

subpoena requests at length in its recent ex parte order.  See Docket No. 93.

Further, the government "is not required to inform [a defendant] of the address

or whereabouts of any potential witness."  United States v. Roach, 28 F.3d 729,

734 (8th Cir. 1994).  Thus, Mr. Camacho's request is denied.  Mr. Camacho

---

[1] Giglio v. United States, 405 U.S. 150 (1972)

has the authority to make subpoena requests to this court under FED. R. CRIM.

P. 17 (b) & (c) if he so chooses, as previously explained in this court's order at

Docket No. 93.

### CONCLUSION

Based on the foregoing facts, law, and analysis, this court hereby

DENIES both of Defendant Ray Camacho's motions for assistance with

discovery [Docket Nos. 84 & 87].

Dated this 8th day of September, 2022.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge