UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAY NOEL CAMACHO, SR.,<br><br>Defendant. | 4:21-CR-40042-LLP<br><br><br>REPORT AND RECOMMENDATION |

Defendant Ray Noel Camacho, Sr. is before the court on a superseding indictment charging him with conspiracy to distribute methamphetamine and conspiracy to commit money laundering. See Docket No. 28. Mr. Camacho has filed a *pro se* motion to suppress statements he made to investigators on May 16, 2019, and June 3, 2019.[1] See Docket No. 61. The United States ("government") resists the motion only in part. See Docket No. 95. This matter has been referred to this magistrate judge for holding an evidentiary hearing and recommending a disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 57.11.

The basis for Mr. Camacho's motion to suppress his statements was that he was in prison, and therefore in custody, but government agents did not

---

[1] Mr. Camacho has chosen to represent himself in these proceedings.

advise him of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966), before interrogating him.  <u>See</u> Docket No. 61.

The government agrees, and for that reason, concedes that Mr. Camacho's statements should not be admissible in the government's case in chief.  Docket No. 95.  However, the government asserts that Mr. Camacho's statements were voluntary.  <u>Id.</u>  As such, the government posits it should be allowed to use Mr. Camacho's statements to impeach him should he testify at trial in a way that is contrary to what he stated to the government agents who interviewed him.  <u>Id.</u>  (citing <u>United States v. Baftiri</u>, 263 F.3d 856, 857 (8TH Cir. 2001); <u>United States v. Rowley</u>, 975 F.2d 1357, 1361 (8TH Cir. 1992); and <u>United States v. Garreau</u>, 735 F. Supp. 2d 1155, 1167 (D.S.D. 2010)).

At a hearing in open court, Mr. Camacho stated he had received and read the government's response to his motion.  Mr. Camacho stated he understood that the government was reserving unto itself the right to use his statements for impeachment should Mr. Camacho testify.  Mr. Camacho stated he was in agreement with the position set forth by the government.  Specifically, Mr. Camacho did not allege that his statements were involuntary.

## CONCLUSION

Accordingly, based on the record herein and Mr. Camacho's response in open court to the government's position, it is hereby

RECOMMENDED that Mr. Camacho's motion to suppress [Docket No. 61] be granted in part and denied in part.  The court recommends that Mr. Camacho's statement be unavailable to the government in its case in chief.

However, should Mr. Camacho testify in his own defense, the court recommends the government be allowed to use Mr. Camacho's prior statements for impeachment.

### NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 19TH day of September, 2022.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge